**In re the ESTATE OF Tamara BOUKS, Deceased,**

**Appeal of Oleg Bouks, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 2008.

Filed Nov. 26, 2008.

Reargument Denied Feb. 12, 2009.

Jack M. Bernard, Philadelphia, for appellant.

Bernice J. Koplin, Philadelphia, for appellee.

BEFORE: BOWES and PANELLA, JJ. and McEWEN, P.J.E.

OPINION BY BOWES, J.:

¶ 1 Oleg Bouks appeals an award of rental against him and in favor of the Estate of Tamara Bouks, deceased. The issue we address is whether an estate beneficiary who is residing with the decedent at the time of death may continue to live on the estate's real property four years without paying rent when that beneficiary is responsible for the delay in the disposition of the real estate. We answer that question in the negative and affirm.

¶ 2 Tamara Bouks died testate on November 25, 2001. She was survived by Appellant and his sister, Ariadna Dittess Mergelkamp, who were coexecutors and co-beneficiaries in her October 9, 1979 will. Appellant assumed responsibility for administering the estate. At the time of Tamara's death, Appellant was residing with her in her home. After her death, he indicated he wanted to purchase that home. Four years later, the sale was finally accomplished. The orphans' court assessed rental against Appellant for the period of his residency in the home that commenced six months after Tamara's death.

¶ 3 The pertinent facts follow. Initially, Appellant sought to purchase the house for $67,900, the assessed value that had been utilized for inheritance tax purposes. This offer was rejected, and Appellant and his sister obtained appraisals that valued the house at $110,000 and $140,000, respectively.

¶ 4 On October 21, 2003, two years after the date of decedent's death, Appellant filed a petition with the orphans' court seeking to purchase the house at the assessed value despite the fact that his own appraisal established that the assessed value was approximately sixty percent less than its fair market value. This request was denied, and Appellant, who had been responsible for administering the estate, was ordered to file an accounting and to place the home for sale. After Appellant failed to comply with these orphans' court's directives, Ariadna filed a contempt petition.

¶ 5 Faced with the contempt petition, Appellant finally purchased the home for $176,000. After Appellant filed his account, Ariadna countered with objections arguing that Appellant should have to pay rental for the period that he occupied the estate's real property rent-free. The orphans' court agreed and awarded rental against Appellant for the period commencing six months after decedent's death. This appeal followed.

¶ 6 Initially, we outline our standard of review:

> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its

credibility determinations absent an abuse of that discretion.

*In re Estate of Geniviva,* 450 Pa.Super. 54, 675 A.2d 306, 310 (1996). However, "we are not constrained to give the same deference to any resulting legal conclusions." *Id.* "Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree."

*In re Padezanin,* 937 A.2d 475, 479 (Pa.Super.2007) (quoting *In re Smith,* 890 A.2d 1082, 1086 (Pa.Super.2006)).

¶ 7 This appeal pertains to application of 20 Pa.C.S. § 3311 (emphasis added):

(a) Personal representative.-A personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent, **except real estate occupied at the time of death by an heir or devisee with the consent of the decedent.** He shall collect the rents and income from each asset in his possession until it is sold or distributed, and, during the administration of the estate, shall have the right to maintain any action with respect to it and shall make all reasonable expenditures necessary to preserve it. The court may direct the personal representative to take possession of, administer and maintain real estate so occupied by an heir or a devisee if this is necessary to protect the rights of claimants or other parties. Nothing in this section shall affect the personal representative's power to sell real estate occupied by an heir or devisee.

The 1949 comment to section 3311 issued by the joint state government committee provides, consistently with the statutory language, "It is not contemplated that rents shall be collected by the personal representative from real estate occupied by an heir or devisee unless needed for payment of claims." *See also In re Padezanin, supra* at 482 ("as long as the estate is solvent, rental is not awarded to an estate from an heir or devisee occupying land of the decedent when the decedent died").

¶ 8 Appellant, relying upon *Padezanin* and various orphans' court's decisions, claims that he cannot be required to pay rent in light of the fact that the estate was admittedly solvent and he was residing at the real estate with Tamara's permission when she died. In this case, the orphans' court concluded that a reasonable period of rent-free occupancy was permitted under this statute, and it assessed rental after six months. The court reasoned that since Appellant was acting as executor, it was his duty to expeditiously wind up the estate affairs and to come to an agreement regarding the purchase of the property.

¶ 9 We are in accord with the orphans' court's application of 20 Pa.C.S. § 3311 to the facts in question. *Padezanin* is distinguishable. In that case, we vacated an award of rental in favor of an estate and against an heir who was residing on real estate owned by the decedent with decedent's permission when he died. However, the heir had vacated the real estate shortly after the estate was opened and rental had been awarded for a matter of a few months. As noted, the heir left the real estate in a timely manner and did not engage in conduct preventing the real estate from being properly administered. Nothing in that decision should be construed so as to permit the beneficiary of an estate to reside on the estate's real property rent-free for an unlimited period of time.

¶ 10 In the present case, Appellant was directly responsible for the delay in his purchase of the estate's real property. He attempted to purchase the residence for $70,000 when the appraisals indicated that

it was worth between $110,000 and $140,000. Appellant then defied a directive from the orphans' court that he list the property for sale. It was only when Appellant was faced with a contempt petition that the sale was finally consummated. Since Appellant's dilatory behavior prevented the co-beneficiary of this estate from receiving her one-half interest in the real estate for four years, the orphans' court properly awarded rental.

■ ¶ 11 Thus, we affirm the orphans' court's conclusion that when the occupancy of the decedent's real estate by an estate's beneficiary is unnecessarily prolonged due solely to the improper behavior of the beneficiary occupying the real estate, 20 Pa. C.S. § 3311 will not be construed to prevent an award of rental following a reasonable period. A contrary construction of that enactment would encourage beneficiaries to delay settling an estate in order to take advantage of dwelling on estate property rent-free. In light of legal precepts that require the prudent administration of an estate and timely distribution of estate assets, the legislature did not intend section 3311 to prevent an award of rental under the circumstances present herein.

¶ 12 Order affirmed.

¶ 13 P.J.E. McEWEN files a Dissenting Statement.

DISSENTING STATEMENT BY McEWEN, P.J.E.:

¶ 1 While the Opinion of the majority reveals a perceptive and persuasive expression of rationale, I am unable to join its decision since I am, most respectfully, of the mind that, despite the apparent equitable considerations relied upon by the trial judge and embraced by the majority, the plain language of the statute dictates a contrary result.

¶ 2 The relevant statutory language empowers a personal representative to take possession of all the property of the decedent "except real estate occupied at the time of death by an heir or devisee with the consent of the decedent." 20 Pa.C.S. § 3311(a).[1] Here, the appellant was unquestionably an "heir" who, "with the consent of the decedent," occupied real estate owned by the decedent. Thus, since there is neither a dispute about the facts, nor an ambiguity in the terms of the statute,[2] there was no basis under the statute upon which to afford the appellee equitable relief.[3]

1. It bears emphasis that this limitation on the power of the personal representative does not restrict the right of the representative to nonetheless sell the property in the exercise of his or her obligation to marshal the assets of the decedent. 20 Pa.C.S. § 3311(a).

2. A touchstone of statutory construction under the Pennsylvania Construction Act is the explicit instruction that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

3. It merits observation that the record reveals that appellant was actually already penalized for his dilatory behavior—with the estate receiving the concomitant benefit—given that appellant was forced to pay $176,801.00 for a property he could have purchased from the estate, four years earlier, for the sum of $140,000.00.